# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### CASE NO.

KHATERA ASKARYAR

    Plaintiff,

v.

CONSCIOUS LEADERSHIP LLC

Dba LEADERSHIP CIRCLE LLC

    Defendant.                          /

## FIRST AMENDED COMPLAINT

Plaintiff, KHATERA ASKARYAR ("Plaintiff"), by and through her undersigned attorney, files her initial Complaint and sues Defendant, CONSCIOUS LEADERSHIP LLC dba LEADERSHIP CIRCLE LLC ("Defendant"), and alleges as follows:

### INTRODUCTION

1.    This is an action for damages, declaratory, and injunctive relief by Plaintiff against Defendant for race discrimination under Title VII of the Civil

Rights Act of 1964, as amended by the Civil Rights Act of 1991, the Florida Civil Rights Act of 1992 ("FCRA"), 42 U.S.C. §1981, as well as for retaliation under Florida's Private Whistleblower Act, Florida Statute §§448.101.104 ("FPWA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and Title VII. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant maintains offices within this judicial district, carries on commerce with citizens of this judicial district at open places of business located within this judicial district and Plaintiff both resides and frequently starts work for Defendant within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. Plaintiff is a 46 year old Persian female of Afghanistan national origin and worked from her home originally in 4687 Southeast Winter Haven Court, Stuart FL 34997 before moving to 106 Pennock Trace Drive Jupiter FL 33458 Florida for a company that was primarily a white Mormon company located in Utah.

5. Defendant is a domestic corporation with approximately 200 employees located and incorporated in Utah with its principal corporate address of

132 East 14075, South Floor 4, Draper Utah 84020.  At all times material to the complaint, Defendant maintained commercial operations within the state of Florida and had Floridian customers.  Defendant operated part of its commercial operations through Plaintiff in Palm Beach Florida.

6. Plaintiff has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that she filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; Plaintiff has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC dated February 14, 2024; and Plaintiff is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all , administrative prerequisites have been satisfied and this suit is timely filed.

## GENERAL ALLEGATIONS

7. Plaintiff started her employment with Defendant on November 2021 as a Quality Assurance Analyst and was earning $135,000.00.  Plaintiff was promoted to IT Lead on or about September 2022 and her salary increased to $140,000.00.  In order to induce Plaintiff to stay at the position, on multiple occasions Plaintiff's former supervisor John Tanner who was serving as the Chief Information Officer promised her that she would be promoted once he retired.

Instead when the time came for her promotion to CIO it was given to a white male Matt LNU.

8.   On or about March 1, 2023, a white male Robert Mims was promoted to Chief Technology Officer.  At that time, Defendant's Information and Technology Department (IT) consisted of Plaintiff a Persian female, Ashley Field a black female, James LNU an Asian male, Ivo Freitas a Brazilian male and three white males.  Upon taking over command of the unit, CTO Robert Mims ordered the termination of the two minority males and ordered a salary reduction of the two minority females.  All three white males were either kept at the same salary or given a salary increase and two additional white males were hired to replace the minority males.  Plaintiff was ordered to accept a pay decrease from $140,000.00 to $122,000.00.

9.   There were no valid reasons for the forced termination or pay deduction of all minorities under CTO Robert Mims and any stated justification in employee paperwork is a sham to cover the discriminatory hiring and firing practices of CTO Robert Mims.

10.   Upon learning of the removal or reduction of all minority employees including her own pay decrease, Plaintiff immediately complained directly on or about March 6, 2027, to the highest two executives at Defendant, Chief Executive Officer Bill Adams and the Chief Financial Officer Ross Olsen.  Defendant does

not have an organized human resources department to complain to, so Plaintiff went straight to the highest decisionmakers at Defendant. Plaintiff specifically warned CEO Bill Adams that she would take her complaints in writing and under oath to the appropriate agency if the discriminatory practice was not reversed. Regardless nothing was done to fix the open and obvious discriminatory hiring and firing policies under CTO Robert Mims.

10. Plaintiff's pay was cut, despite no prior disciplinary or performance warnings.

11. On or about May 11, 2023, Plaintiff followed up again with CEO Bill Adams and was told that nothing was happening in the form of discipline, training or new hiring directives in regards to CTO Robert Mims for his discriminatory behavior.

12. On June 8, 2023, Defendant offered to provide a "pay raise" back to Defendant's previous pay, but in order to get it she told that she would have to sign to sign an agreement saying she would waive all rights to sue based upon the previous discrimination. Plaintiff was also owed a $1,000.00 nondiscretionary performance bonus that all of the white equivalents had received. When Plaintiff inquired as to why she had not received it she was told by CEO Bill Adams that it was due to her complaints of discrimination.

13. At this point Plaintiff hired the undersigned and Defendant was made aware again that Plaintiff was threatening to bring the discriminatory issues to the EEOC in writing and under oath if the issues were not corrected. At this point the Defendant paid the Plaintiff the $1,000.00 nondiscretionary performance bonus owed to Plaintiff but refused to reinstate Plaintiff without a waiver of her legal rights to bring the issue to the attention of the EEOC and this Honorable Court.

14. As Plaintiff refused to reinstate her previous pay without the waiver of her right to bring this matter to the EEOC's attention and right to sue and the sham investigation determined no changes should occur at Defendant, Plaintiff was constructively discharged from her position when she left to accept other possible employment rather than continue at a reduced payrate she did not accept.

15. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

16. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay said attorney a reasonable fee for his services. Plaintiff requests said attorneys' fees as damages in this lawsuit.

**COUNT I: VIOLATION OF FCRA (RACE DISCRIMINATION)**

17. This is an action for discrimination based upon race under the FCRA.

18. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-16 and incorporates these allegations herein by this reference.

19. Defendant violated the FCRA by discriminating against Plaintiff based upon her race for reasons including but not limited to, purposefully reducing her pay while equally situated White employees were compensated according to their agreements or given pay raises despite no valid reason other than the discriminatory hiring and firing practices of CTO Robert Mims. All other minority employees under CTO Robert Mims supervision were either terminated or had their pay reduced.

purposefully removing Plaintiff from scenes in a publicly distributed video and replacing her with a White family, placing a White male subordinate in a position of authority over her despite her appointed title and duties of Base Manager while being told that he was the employee type their management preferred, and being disciplined, demoted, forced into administrative leave and ultimately forced into a constructive discharge without appropriate reason other than racism and favoritism, and failing to communicate violations of the FAA, Florida Board of Medicine, and HIPAA of White employees despite Plaintiff's documentation of their occurrence and management at all levels of Med Trans treating Plaintiff in a disparate way from White employees.

20. Plaintiff is a member of a protected class under the FCRA as she is being discriminated against due to her race being Persian, while White employees

have received preferential treatment by Defendant. As described above, Plaintiff was the recipient of adverse employment actions including a continued refusal to pay her the originally agreed upon salary which forced her into an involuntary separation. Defendant acted with actual malice, recklessness, gross negligence or an indifference to Plaintiff's protected rights when they intended to deprive Plaintiff of her statutorily protected right to fair and equal employment without preferential treatment for white employees and has demonstrated that it has knowingly violated the law by continuing to withhold the agreed upon salary while White employees were fairly paid in accordance with their promises thus demonstrating an evil motive or conscious indifference to those rights.

21. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action. Plaintiff was at all times qualified for her position and did not have disciplinary or performance based complaints prior to Defendant's discriminatory practices. Plaintiff was ultimately replaced by a White male and all of her other replaced minority colleagues's positions were given to White employees.

WHEREFORE, Plaintiff, KHATERA ASKARYAR, prays that this Court will:

    a. Order Defendant, CONSCIOUS LEADERSHIP LLC Dba LEADERSHIP CIRCLE LLC, to remedy the race discrimination of Plaintiff by:

        i. Paying appropriate back pay;

        ii. Paying prejudgment and post-judgment interest;

        iii. Paying front pay in lieu of reinstatement;

        iv. Paying for lost benefits including medical insurance, pension and retirement plan;

        v. Providing any other relief that is appropriate.

    b. Enter an order against Defendant for compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries.;

    c. Enter an order against Defendant for punitive damages;

    d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

**COUNT II: VIOLATION OF TITLE VII (RACE DISCRIMINATION)**

    22.    This is an action for discrimination based upon race under Title VII.

    23.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1-16 and incorporates these allegations herein by this reference.

    24.    Defendant violated Title VII by discriminating against Plaintiff based upon her race for reasons including but not limited to purposefully reducing her

pay while equally situated White employees were compensated according to their agreements or given pay raises despite no valid reason other than the discriminatory hiring and firing practices of CTO Robert Mims. All other minority employees under CTO Robert Mims supervision were either terminated or had their pay reduced.

25. Defendant's discriminatory actions had the purpose and effect of denying the Plaintiff rights in connection with her employment with Defendant that employees outside her race were allowed to enjoy.

26. Plaintiff is a member of a protected class under Title VII as she is being discriminated against due to her race being Persian, while White employees have received preferential treatment by Defendant. As described above, Plaintiff was the recipient of adverse employment actions including a continued refusal to pay her the originally agreed upon salary which forced her into an involuntary separation. Defendant acted with actual malice, recklessness, gross negligence or an indifference to Plaintiff's protected rights when they intended to deprive Plaintiff of her statutorily protected right to fair and equal employment without preferential treatment for white employees and has demonstrated that it has knowingly violated the law by continuing to withhold the agreed upon salary while White employees were fairly paid in accordance with their promises thus demonstrating an evil motive or conscious indifference to those rights.

27. Defendant acted with actual malice, recklessness, gross negligence or an indifference to Plaintiff's protected rights when they intended to deprive Plaintiff of her statutorily protected right to fair and equal employment without preferential treatment for White employees and has demonstrated that it has knowingly violated the law by continuing to withhold earned compensation while White employees were fairly paid in accordance with their promises both written and/or verbal thus demonstrating an evil motive or conscious indifference to those rights.

28. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.  Plaintiff has been damaged. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.  Plaintiff was at all times qualified for the position.  Plaintiff was ultimately replaced by a White male and all of her minority colleagues were similarly replaced with White employees.

WHEREFORE, Plaintiff, KHATERA ASKARYAR, prays that this Court will:

    a. Order Defendant, CONSCIOUS LEADERSHIP LLC Dba LEADERSHIP CIRCLE LLC, to remedy the race discrimination of Plaintiff by:

        i. Paying appropriate back pay;

      ii. Paying prejudgment and post-judgment interest;

      iii. Paying front pay in lieu of reinstatement;

      iv. Paying for lost benefits including medical insurance, pension and retirement plan;

      v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT III: VIOLATION OF §1981 (RACE)

29. This is an action for discrimination based upon race under 42 U.S.C. §1981. Defendant deprived Plaintiff of her rights of equal protection of the law against discrimination on the basis of race.

30. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-16 and incorporates these allegations herein by this reference.

31. Defendant violated §1981 by intentionally and purposefully treating Plaintiff differently in the terms and conditions of her employment because of her race, including but not limited to, purposefully reducing her pay while equally situated White employees were compensated according to their agreements or given pay raises despite no valid reason other than the discriminatory hiring and

firing practices of CTO Robert Mims. All other minority employees under CTO Robert Mims supervision were either terminated or had their pay reduced.

32. Defendant's discriminatory actions had the purpose and effect of denying the Plaintiff rights in connection with her employment with Defendant that employees outside her race were allowed to enjoy. As a result of Defendant's violations of §1981, Plaintiff has been damaged. Plaintiff has been damaged. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action. Plaintiff was at all times qualified for the position. Plaintiff was ultimately replaced by a White male and all of her colleagues in similar positions were replaced with White employees.

33. As a result of Defendant's violations of §1981, Plaintiff has been damaged. Plaintiff has also suffered damages, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

WHEREFORE, Plaintiff, KHATERA ASKARYAR, prays that this Court will:

a. Order Defendant, CONSCIOUS LEADERSHIP LLC dba LEADERSHIP CIRCLE LLC, to remedy the

race discrimination of Plaintiff by:

i. Paying appropriate back pay;

  ii. Paying prejudgment and post-judgment interest;

  iii. Paying front pay in lieu of reinstatement;

  iv. Paying for lost benefits including medical insurance, pension and retirement plan;

  v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT IV: VIOLATION OF FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

34. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-16 and incorporates these allegations herein by this reference.

35. Florida Statute §448.102 (1) prohibits an employer from taking a retaliatory personnel action against an employee because the employee has "Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation."  Plaintiff repeatedly disclosed race discrimination violations as well as made it clear that she would be reporting the racial discrimination she faced to the EEOC if these were not corrected.  Plaintiff communicated that she was prepared to disclose these violations under oath and in

writing to the appropriate agencies. Nevertheless, Defendant chose to first discipline and then force a constructive discharge despite these protected whistleblowing activities. Defendant had multiple reasonable opportunities to correct the violations but chose to take retaliatory action against Plaintiff instead.

36. Florida Statute §448.102 (3) prohibits an employer from taking a retaliatory personnel action against an employee because the employee has "Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer." Defendant continued its retaliatory personnel actions in part, but not limited to, by reducing her salary without a valid reason and ultimately forcing a constructive discharge of her employment through a forced resignation.

37. Defendant's actions in disciplining Plaintiff without appropriate reason or prior warnings by withholding a guaranteed performance bonus that all other similarly situated employees received, reducing Plaintiff's salary, and ultimately forcing a constructive discharge of her employment through a forced resignation constitutes adverse employment action and "retaliatory personnel action" under section 448.101(5) of the FWPA.

38. Plaintiff's statutorily protected conduct under the FWPA was causally connected to Defendant's decisions to discipline, demote, place on administrative

leave and ultimately force an involuntary resignation, as they are very close in time to her protected conduct.  Further, Defendant's alleged reasons for disciplining and ultimately forcing an involuntary separation of Plaintiff's employment are pretextual and baseless.

39.　As a result of Defendant's violation of the FWPA, Plaintiff has been damaged.  Plaintiff has suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

WHEREFORE, Plaintiff, CONSCIOUS LEADERSHIP LLC dba LEADERSHIP CIRCLE LLC, prays that this Court will:

a. Order Defendant, CONSCIOUS LEADERSHIP LLC dba LEADERSHIP CIRCLE LLC, to remedy the violation of the FWPA by Defendant by:

i. Paying appropriate back pay;

ii. Paying prejudgment and post-judgment interest;

iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 448.104, Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff, KHATERA ASKARYAR, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 14th day of May 2024,

Respectfully submitted,

*Warren J. Pearson, JD*

Warren James Pearson, JD
3562 Four Oaks Blvd
Tallahassee FL 32311
Counsel for Plaintiff
Telephone: (954) 894-3035
E-mail: warren@themiamishark.com
Florida Bar No.: 0711576